UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEP USA,<br><br>    Plaintiff,<br><br>    v.<br><br>FABIAN D. PACO, JR.,<br><br>    Defendant. | Case No.  23-cv-04535-AMO<br><br>**ORDER DENYING MOTION TO AMEND JUDGMENT**<br><br>Re: Dkt. No. 37 |

Before the Court is Plaintiff CHEP's motion to amend judgment. ECF 37. The matter is suitable for decision without oral argument. Accordingly, the hearing set for February 13, 2025 is **VACATED**. *See* Civil L.R. 7-6. Having read CHEP's motion and carefully considered the arguments therein and the relevant legal authority, the Court hereby **DENIES** the motion for the following reasons.

On June 17, 2024, the Court adopted in part and modified in part Magistrate Judge Hixson's Report and Recommendation Regarding Default Judgment. ECF 31. That order:

(1) Awarded CHEP damages in the amount of $127,785;

(2) Declared that CHEP has and is entitled to sole and exclusive ownership over and possession of the CHEP pallets;

(3) Permanently enjoins Defendant Speedy from purchasing, selling, transferring, or using CHEP pallets and/or further conversion of same;

(4) Ordered Speedy to deliver to CHEP all CHEP pallets which are detained by or in Speedy's possession; and

(5) Granted CHEP leave to move for periodic inspections of Speedy's premises at least 30 days in advance of such an inspection to confirm compliance with the Court's order.

1   The Court entered judgment on December 13, 2024.  ECF 36.

2         CHEP now moves the Court to amend judgment.  Specifically, CHEP requests the Court

3   amend its judgment to add two new instructions ordering Speedy to:

4     (1) notify CHEP within five (5) calendar days by email (mario.birsa@chep.com with a copy to

5        samual.miller@akerman.com) each time Defendant comes into possession of CHEP

6        Pallets.

7     (2) fully cooperate with CHEP in CHEP's retrieval of all CHEP Pallets in Defendant's

8        possession following 24 hour's notice by CHEP.  Notice may be given by CHEP by email,

9        telephone, fax, text, or in person.

10  ECF 37-1.  CHEP's complaint did not seek either of these two forms of relief.  *See* ECF 1 at 15-

11  16.

12        Rule 59(e) of the Federal Rules of Civil Procedure permits a party to seek an order altering

13  or amending a judgment.  In the Ninth Circuit, it is appropriate to alter or amend a judgment under

14  Rule 59(e) where "1) the motion is necessary to correct manifest errors of law or fact upon which

15  the judgment is based; 2) the moving party presents newly discovered or previously unavailable

16  evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening

17  change in controlling law." *Turner v. Burlington N. Santa Fe RR. Co.*, 338 F.3d 1058, 1063 (9th

18  Cir. 2003) (internal quotations omitted).  While a district court has considerable discretion when

19  deciding a Rule 59(e) motion, *id.*, relief under the Rule is "an extraordinary remedy, to be used

20  sparingly in the interests of finality and conservation of judicial resources," *Kona Enter., Inc. v.*

21  *Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotations omitted).

22        In its motion, CHEP explains that Speedy has failed to comply with the Court's order and

23  argues amendment of the judgment is necessary in order to remove any ambiguity as to what is

24  required of Speedy.  ECF 37 at 5-8.  CHEP has not presented newly discovered evidence or

25  identified manifest errors of law or fact upon which the judgment is based, and there has been no

26  intervening change in controlling law.  Rather, CHEP seeks to amend judgment solely for the

27  purpose of "prevent[ing] manifest injustice."  ECF 37 at 9 (citing *Turner*, 338 F.3d at 1063).

28        "Courts have not specifically defined what constitutes 'manifest injustice' when deciding if

altered judgment is appropriate." *Bey v. Malec*, No. 18-CV-02626-SI, 2020 WL 3058336, at *4 (N.D. Cal. June 9, 2020), *aff'd sub nom. Bey v. Cristiani*, No. 20-16177, 2021 WL 3743867 (9th Cir. Aug. 24, 2021) (citing *Delta Ltd. v. U.S. Customs and Border Protection Bureau*, 393 F. Supp. 2d 15 (D.D.C. 2005)).  Moreover, courts within the Ninth Circuit routinely decide motions to alter judgments without considering this factor.  *See, e.g.*, *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (stating a motion under Rule 59(e) is appropriately granted where "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law").  Instead, courts regularly consider "manifest injustice" in the context of determining whether there has been any clear error by the district court.  *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); *see also Bey*, 2020 WL 3058336, at *4 (finding no manifest injustice where plaintiff did not show the "*Court's contested decision* rises to the level of injustice required to make an altered judgment appropriate" and that plaintiff "offer[ed] no specific basis showing the *Court's decision* was so clearly unjust to warrant an altered judgment") (emphasis added).  In other words, the question is whether an error made by the Court, in the course of presiding of the matter and issuing its ruling, resulted in a significantly unjust outcome.

Here, the purported manifest injustice CHEP identifies is not any unjust act on the part of the Court, but rather Speedy's failure to comply with the Court's order.  This is not the type of harm Rule 59(e) is meant to address.  Essentially, CHEP seeks to enforce the Court's order, and a Rule 59(e) motion is not the proper vehicle to do so.  Accordingly, the Court **DENIES** without prejudice CHEP's motion for amendment of judgment.

**IT IS SO ORDERED.**

Dated: February 12, 2025

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**